## NATIONAL GUARANTEE & FINANCE COMPANY v COMMERCIAL CREDIT CO

Ohio Appeals, 2nd Dist, Franklin Co

No. 1980. Decided March 12, 1931

M. L. Bigger, Columbus, for National Guarantee & Finance Company.

W. B. McLeskey, Columbus, for Commercial Credit Company.

ALLREAD, J.

It is shown that when the repossessed automobile was delivered to the Huffman-Knight Motor Sales that the Credit Company demanded payment of cash from the Huffman-Knight Motor Sales, but the latter company declined to pay the cash and the Credit Company permitted the automobile to remain in the possession of said company, to-wit, the Huffman-Knight Motor Sales.

It is shown by the special finding of facts that in the repair room where this automobile was stored new automobiles were stored and for sale; that the display room, located immediately in front of the repair room, was filled with new automobiles stored and for sale.

In the special finding of facts, there is found the following:

"15. Thereupon the agent of the plaintiff stated to Mr. Huffman that if he had an opportunity to sell said automobile to go ahead and do so, and from the proceeds of the sale to satisfy the note and mortgage held by the plaintiff, heretofore marked Exhibits A and B."

The special findings are silent as to any effort to sell the property except the inference that may arise from the execution of the mortgage to the Finance Company.

While the automobile remained in the repair room of the Huffman Company, to-wit, on October 8th, 1927, the Huffman Company applied to the Finance Company for a loan in the sum of $767.48. The Finance Company thereupon took a chattel mortgage on the automobile given by the Huffman Company to secure the loan. This mortgage was filed with the county recorder of Marion County on October 8th, 1927. At the time this mortgage was given the automobile was in the repair room in which it was originally placed. The finding of facts show that the finance company had no actual knowledge of the existence of the first mortgage. The case was submitted entirely upon the findings of fact. There was no other evidence offered.

It is clear that the Credit Company did not release its contract as between it and the Huffman Company by the storing of the car in the repair room, and by the failure of the Huffman Company to pay cash under the repossession contract. The Credit Company was entitled to hold the automobile as against the Huffman Company under its chattel mortgage.

The question is as to the claim of the Finance Company, which held the second mortgage. It would follow from the decision of the Supreme Court in the case of **Credit Company v Schreyer, 120 Oh St 568,** that the first mortgage is entitled to hold the first lien on the automobile in the absence of some showing which would entitle the Finance Company to a first lien on the chattel property.

The Finance Company claims the right to a first lien, first by virtue of the location of the automobile in the repair room of the Huffman Company, thus giving some authority to sell, arising out of the situation; second, by the fact that Huffman failed to pay cash to the Credit Company, and allowed the car to remain in the repair room, and third, by virtue of the authority given Huffman by the Credit Company at the time the property was repossessed from Woods, and by the fact that the automobile was placed in the repair room at the rear of and next to the display room. By virtue of some or all of these facts it is claimed that the owner of the second mortgage is entitled to his claim over the rights of the first mortgagee.

It may be noted that there is no finding of fraud, and the case must, therefore,

stand upon the bare finding of facts.

If this automobile had been purchased by someone, either in the display room, or otherwise, without notice of the actual rights of the first mortgagee, there might be some claim as against the mortgage of the first mortgagee. The only claim that the second mortgagee could make would be that it was induced to take the second mortgage by the fact that the Huffman Company was the apparent owner of the automobile; that the same was located in its repair room where other automobiles were stored.

In the absence of fraud, however, we do not think that this claim can be made.

The Credit Company, by the taking of its first mortgage, and the placing of said mortgage on record, has the first mortgage, and there is nothing shown in the special findings of fact which would take away that right. This is shown in the decision and the argument of the majority of the Supreme Court in the case of **Metropolitan Finance Company v Orlow, 107 Oh St 583.**

We are therefore of opinion that the judgment of the lower court must be affirmed.

KUNKLE and HORNBECK, JJ, concur.